UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LETICIA POCASANGRE, CRISTI PORTILLO,
ARRIAZA CRUZ and TRINIDAD ROQUE, on behalf
of themselves and all other persons similarly situated,

                                Plaintiffs,

    -against-                                **COMPLAINT**

HAUPPAUGE BAGEL CORP., SYOSSET BAGEL
CORP., CENTEREACH BAGEL CORP., GARVIES
POINT BAGEL CORP. and CRAIG BERESID,        *FLSA Collective Action*

                              Defendants.
------------------------------------------------------------------------X

Plaintiffs, LETICIA POCASANGRE, CRISTI PORTILLO, ARRIAZA CRUZ and TRINIDAD ROQUE ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and through their counsel, the Romero Law Group PLLC, complaining of the Defendants, HAUPPAUGE BAGEL CORP., SYOSSET BAGEL CORP., CENTEREACH BAGEL CORP., GARVIES POINT BAGEL CORP. and CRAIG BERESID (collectively "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1.    The Defendants own and operate multiple bagel stores in Nassau and Suffolk Counties. The Plaintiffs performed non-exempt work for the Defendants. The Plaintiffs regularly worked more than 40 hours in a work week but were not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL").

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

## **PARTIES**

5.     The Defendant, HAUPPAUGE BAGEL CORP., was and still is a domestic business corporation that operates a bagel store in the County of Suffolk and State of New York.

6.     The Defendant, SYOSSET BAGEL CORP., was and still is a domestic business corporation that operates a bagel store in the County of Nassau and State of New York.

7.     The Defendant, CENTEREACH BAGEL CORP., was and still is a domestic business corporation that operates a bagel store in the County of Suffolk and State of New York.

8.     The Defendant, GARVIES POINT BAGEL CORP., was and still is a domestic business corporation that operates a bagel store in the County of Nassau and State of New York.

9.     At all times relevant, Defendant, HAUPPAUGE BAGEL CORP., is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA .

10.     At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

11.     Defendants' bagel stores require a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

12.    At all relevant times, each Plaintiff was a non-exempt employee of the Defendants and "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York State Labor Law § 190(2).

13.    Plaintiffs' duties included preparing and cooking food. In performing their duties, Plaintiffs handled or worked with goods, such as grains, pork, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

14.    At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

15.    At all times relevant, Defendants were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

16.    Defendants' bagel stores share a common business purpose, and the bagel stores are part of a single integrated enterprise. Defendants' bagel stores use a centralized payroll and implement company-wide payroll practices and policies across all of the bagel store locations. Defendants' bagel stores share supplies and pool administrative resources, including legal, accounting, and payroll operations. Defendants' website lists multiple bagel store locations on the website, as well as the menus for each store, which offer the same food and catering and prices.

17.    The Defendant, CRAIG BERESID, is a shareholder and/or officer of the corporate defendants, has authority to make payroll and personnel decisions for the corporate defendants, and is active in the day-to-day management of the corporate defendants, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiff.

3

## STATEMENT OF FACTS

*Plaintiff Leticia Pocasangre*

18.     Plaintiff was employed by Defendants from in or about April 2022, to in or about July 2025.  Plaintiff performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises.

19.     Throughout her employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.

20.     Plaintiff worked at Defendants' bagel store in Hauppauge from in or about January 2022 until in or about April 2022.  She worked from 3:00 a.m. to 2:00 p.m., 6 days per week.

21.     Plaintiff worked at Defendants' bagel store in Syosset from in or about April 2022 until in or about August 2023.  She worked from 3:00 a.m. to 2:00 p.m., 6 days per week.

22.     Plaintiff worked at Defendants' bagel store in Glenn Cove from in or about August 2023 until in or about December 2023.  She worked from 3:00 a.m. to 1:00 p.m., 6 days per week.

23.     Plaintiff worked at Defendants' bagel stores in Glenn Cove and Centereach from in or about December 2023 until in or about March 2024.  She worked at the store in Glen Cove from 3:00 a.m. to 12:00 p.m., 6 days per week, and at the Centereach store from 1:30 p.m. until 7:00 p.m., 4 days per week.

24.     Plaintiff worked at Defendants' bagel store in Centereach from in or about April 2024 until in or about July 2025.  She worked from 4:00 a.m. to 1:00 p.m., 6 days per week.

25.     From in or about April 2023 until May 2025, Defendants failed to pay Plaintiff overtime for the hours that she worked after 40 hours per week at the rate of one and one-half times her regular rate of pay.

4

26.    Instead, Defendants paid Plaintiff in combination of check and cash at her regular rate for all hours that she worked each week, including those hours that she worked after 40 hours per week.

27.    Throughout her employment with Defendants, Plaintiff regularly worked more than ten hours in a single day.

28.    Defendants failed to pay Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded 10 hours.

### *Plaintiff Cristi Portillo*

29.    Plaintiff was employed by Defendants at their bagel store in Hauppauge from in or about July 2019, to in or about October 2025.  Plaintiff performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises.

30.    Throughout her employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.

31.    Plaintiff regularly worked from 5:00 a.m. until 2:00 p.m., five days per week. Plaintiff often worked a shift that was 12 or 13 hours long.

32.    Defendants failed to pay Plaintiff overtime for the hours that she worked after 40 hours per week at the rate of one and one-half times her regular rate of pay.

33.    Instead, Defendants paid Plaintiff in combination of check and cash at her regular rate for all hours that she worked each week, including those hours that she worked after 40 hours per week.

34.    Throughout her employment with Defendants, Plaintiff regularly worked more than ten hours in a single day.

5

35.    Defendants failed to pay Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded 10 hours.

*Plaintiff Arriaza Cruz*

36.    Plaintiff was employed by Defendants at their bagel store in Hauppauge from in or about February 2024, to in or about October 2025.  Plaintiff performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises.

37.    Throughout her employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.

38.    Plaintiff regularly worked from 5:00 a.m. until 2:00 p.m., six days per week. Plaintiff often worked a shift that was 12 or 13 hours long.

39.    Defendants failed to pay Plaintiff overtime for the hours that she worked after 40 hours per week at the rate of one and one-half times her regular rate of pay.

40.    Instead, Defendants paid Plaintiff in combination of check and cash at her regular rate for all hours that she worked each week, including those hours that she worked after 40 hours per week.

41.    Throughout her employment with Defendants, Plaintiff regularly worked more than ten hours in a single day.

42.    Defendants failed to pay Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded 10 hours.

*Plaintiff Trinidad Roque*

43.    Plaintiff was employed by Defendants at their bagel store in Hauppauge from in or about February 2024, to in or about October 2025.  Plaintiff performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises.

6

44.    Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.

45.    Plaintiff regularly worked from 5:00 a.m. until 2:00 p.m., 4 days per week, and from 5:00 a.m. until 3:00 p.m., 2 days per week.  Plaintiff often worked a shift 12 or 13 hours long.

46.    Defendants failed to pay Plaintiff overtime for the hours that he worked after 40 hours per week at the rate of one and one-half times her regular rate of pay.

47.    Instead, Defendants paid Plaintiff in combination of check and cash at his regular rate for all hours that he worked each week, including those hours worked after 40 hours per week.

48.    Throughout his employment with Defendants, Plaintiff regularly worked more than ten hours in a single day.

49.    Defendants failed to pay Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded 10 hours.

50.    Defendants failed to provide Plaintiffs upon hire written notice in their native language of their rate of pay and other information required by Section 195(1) of the NYLL.

51.    Defendants failed to furnish Plaintiffs with accurate statements with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law § 195(3).

52.    Defendants' failure to properly state Plaintiffs' regular rate and overtime rate upon hire, and failure to properly state Plaintiffs' correct overtime rate of pay each pay period, prevented Plaintiffs from knowing to what extent they had been underpaid and seeking payment for the precise amount of their unpaid wages.

53.    As a result, Plaintiffs were deprived of their income for longer than they would have been had they been able to timely raise their underpayment earlier.  Plaintiffs were unable to

determine how much they had been underpaid throughout their employment. Plaintiffs would have asserted their claims for unpaid wages sooner if accurate statements had been provided.

54. Defendants' failure to provide accurate notices and statements not only denied Plaintiffs the time-value of the underpayments they seek to recover in this action, but also resulted in continued practice of paying Plaintiffs less than one and one-half times their regular rate for hours that they worked after 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

55. At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

56. Plaintiffs bring FLSA claims on behalf of themselves and all persons similarly situated who work or have worked in non-exempt positions, such as cooks, food preparers, counter-workers, preppers and dishwashers, who give their consent in writing to become plaintiffs and who worked at Defendants' restaurant at any time during the three (3) years prior to the filing of their respective consent forms.

57. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs and have been underpaid in violation of the FLSA. Named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in bringing this action.

58. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all persons who are currently, or have been, employed by the Defendants

in non-exempt positions including, but not limited to, severs, waiters, waitresses, bussers, food runners, expediters, bartenders, cooks, preppers and dishwashers, at any time during the three (3) years prior to the filing of their respective consent forms.

59.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

60.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

61.     Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

62.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

63.    Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: OVERTIME WAGES**

64.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

65.    Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate of pay in violation of New York Labor Law.

66.    By Defendants' failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

67.    Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: SPREAD OF HOURS**

68.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

69. Defendants willfully failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

70. Plaintiffs are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE NOTICE**

71. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

72. Defendants failed to provide Plaintiffs upon hire with written notice of their rate of pay and other information required by New York Labor Law § 195(1).

73. Defendants are liable to Plaintiffs for statutory damages from Defendants pursuant to NYLL § 198.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE STATEMENTS**

74. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

75. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

76. Defendants are liable to Plaintiffs for statutory damages from Defendants pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i)     Certification of this case as a collective action under 29 U.S.C. § 216(b);

(ii)    Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii)    Unpaid overtime wages, spread of hours pay, liquidated damages, statutory damages and interest pursuant to NYLL § 198(1-a);

(iv)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(v)     All attorneys' fees and costs incurred in prosecuting these claims; and

(vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
        July 18, 2026

                    ROMERO LAW GROUP PLLC

                    */s/ Peter A. Romero*

            By:     _____
                    Peter A. Romero, Esq.
                    490 Wheeler Road, Suite 277
                    Hauppauge, New York 11788
                    Tel. (631) 257-5588
                    promero@romerolawny.com

                    *Attorneys for Plaintiffs*